## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| KOJUAN MILES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:20-cv-334-JDK-JDL |
| | § | |
| BOBBY LUMPKIN, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kojuan Miles, a Texas Department of Criminal Justice inmate proceeding pro se, brings this lawsuit under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Before the Court is Defendants Bobby Lumpkin, Allen Barker, Kenneth Putnam, and Homer Garza's motion for summary judgment (Docket No. 38).

In his complaint, Plaintiff states that he is Muslim and therefore cannot eat pork. He complains that inmates are provided with a pork-free meal that is cross-contaminated, in that the pork-free option of beans is placed right next to the pork insert on the serving line. Due to this proximity and because the food is handled by non-compensated prisoners, Plaintiff argues that "our pork free options are contaminated with pork almost daily as the likeliness of pork to spill over into our pork free options are [sic] high." Docket No. 24 at 4. Plaintiff also asserts that if

1

TDCJ placed him in administrative segregation for quarantine or disciplinary reasons, he would not get a pork-free diet upon immediate request, but would be required to submit a request form that may take up to two weeks to process, during which time he would not receive a pork-free diet.

In his response to Defendants' summary judgment motion, Plaintiff further argues that the prison provides kosher meals for Jewish prisoners but does not provide halal meals for Muslim prisoners. Docket No. 39. Plaintiff argues that the kosher meals are free from cross-contamination while the pork-free diet option available to Muslims is not, resulting in discrimination.

On July 1, 2022, Judge Love issued a Report and Recommendation recommending that the Court grant Defendants' summary judgment motion and dismiss Plaintiff's claims with prejudice. Docket No. 52. Plaintiff objected. Docket No. 54.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Magistrate Judge determined that allegations of isolated incidents or negligence, such as accidental cross-contamination of beans with pork as a result of

carelessness or negligence by the inmate servers, does not establish a viable claim under RLUIPA because such incidents do not impose a "substantial burden" upon an individual's religious beliefs.  Docket No. 52 at 7–8 (citing several cases).

The Magistrate Judge also noted that Plaintiff's claim of discrimination based on TDCJ's offering of a kosher diet to Jewish prisoners but not a halal diet to Muslim prisoners is not properly before the Court.  *Id.* at 9.  As explained in the Report, Plaintiff did not raise this issue in his complaint, but only in his response to Defendants' summary judgment motion.  *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (a claim not raised in the complaint but only in response to a summary judgment motion is not properly before the court).

Further, even assuming Plaintiff's equal protection claim were properly raised, the Magistrate Judge determined that the claim lacked merit because Plaintiff did not show that the serving of kosher entrees but not halal ones was motivated by intentional or purposeful discrimination.  Docket No. 52 at 9.

The Magistrate Judge also determined that Plaintiff's claim that he would suffer a delay in obtaining pork-free meals if he were placed in segregation was too conjectural to obtain relief because it was purely speculative whether he would ever be placed in segregation.  *Id.* at 10–11.  Finally, the Magistrate Judge determined that to the extent Plaintiff raised claims under the First Amendment, such claims lacked merit.  *Id.* at 11.

In his objections, Plaintiff discusses laws against discrimination generally and argues that providing kosher meals for Jewish inmates but not halal meals for

Muslim inmates creates a situation of "separate and unequal."  Docket No. 54 at 5. Plaintiff also relies heavily on *Lozano v. Davis*, Case No. 4:16-cv-2507, 2018 WL 11239843 (S.D. Tex. Mar. 29, 2018), *vacated in part and remanded*, 774 F.App'x 263 (5th Cir. 2019).  In *Lozano*, the Fifth Circuit held that Lozano's conclusory assertion that he was treated differently on account of the defendant's discriminatory intent was insufficient to create a material factual dispute, so summary judgment on this issue was proper.  2018 WL 11239843, at *7.  Here, the Magistrate Judge properly concluded that Plaintiff failed to allege, much less show, discriminatory intent in the provision of kosher but not halal meals, rendering this claim without merit.  The Magistrate Judge also correctly determined that Plaintiff is not similarly situated to all inmates at TDCJ, but only to those at the unit where he is located.  *Muhammed v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

Further, while Plaintiff's objections reassert his complaint of cross-contamination of the non-pork option, Plaintiff does not address the Magistrate Judge's determination that occasional acts of carelessness or negligence do not amount to RLUIPA violations; nor does he show how the Director of TDCJ-CID could be liable for such acts of carelessness or negligence.  *See Nettles v. Wainwright*, 656 F.2d 986, 987 (5th Cir. 1981), *on reh'g*, 677 F.2d 404 (5th Cir. 1982) (objections must challenge specific portions of the report and recommendation).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit.  Accordingly,

the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 52) as the opinion of the District Court.  The Court **GRANTS** Defendants Lumpkin, Barker, Putnam, and Garza's motion for summary judgment (Docket No. 38) and **DISMISSES** with prejudice Plaintiff's claims against them.

So **ORDERED** and **SIGNED** this **24th** day of **August, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE